## STATE OF FLORIDA v CONWAY
Case No. CTC-86-22349-C
County Court, Volusia County
April 7, 1987

### APPEARANCES OF COUNSEL

**Ben Fox,** Assistant State Attorney, for plaintiff.
**Douglas T. Huie,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to

Suppress any and all evidence taken by the Daytona Beach Police Department at 1234 So. Ridgewood Avenue, including but not limited to drug paraphernalia in that such evidence was taken without a search warrant and as a result of an illegal search and entry in violation of the defendant's rights to due process and in violation of his Constitutional rights.

The defendant is charged with possession of drug paraphernalia.

On December 22, 1986 at about 3:00 a.m., Officer Girvin was contacted by a private citizen Carmiello Gullo who told the officer that she had been at the White Lady Motel, Room #8 to visit a friend. When Miss Gullo opened the door she saw drugs and drug paraphernalia in the room. Miss Gullo immediately left and reported the matter to Officer Girvin.

Officer Girvin contacted his shift supervisor, Sgt. Shumaker where they both went to the White Lady Motel. As they approached Room #8 they saw one Vinny Pagliorulo, a known drug abuser in front of Room #8. Upon seeing the police officers, Pagliorulo ran. He was pursued by the police officers and was found to have drugs in his possession and was arrested.

The police officers to Room #8, knocked on the door and announced themselves as police. After a short delay the door was opened by a person named McDonald. The police officers observed the defendant lying on a bed and next to it on a table were razor blades and beer cans constructed in such a way for use to smoke rock cocaine and other drug paraphernalia. All the occupants of the motel room including the defendant were arrested. None of them were registered guests at the motel and Room #8 was registered in the name of Fatima Santos who was not present during this incident.

The defendant was not present at the hearing on his Motion to Suppress.

In *Arebo v. State*, 415 So.2d 909, the 2nd D.C.A. stated:

"Fourth Amendment rights are personal rights which may not be vicariously asserted (cases cited) regardless of the apparent unconstitutionality of a search, the proponent of a motion to suppress has the burden of establishing that he had a legitimate expectation of privacy in the area searched. See *Rachas v. U.S.* at 130 N.I. 99 S. Ct. at 424 N.I.: *State v. Hutchinson* 404 So.2d 361 (Fla. 2d DCA 1981).

In this case the defendant failed to appear at the hearing on his motion so as to assert his burden of expectation of privacy and the testimony in fact showed that he was not a registered guest at the motel or of room #8.

115

There it is not necessary to pass upon the validity of the police action taken in this case. But the Court would like to quote from the case of *Johnson v. United States*, 333 U.S. 10, 68 S. Ct. 367, 92 L.Ed. 436 which said:

"The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that these inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the amendment to a nullity and have people's home secure only in the discretion of police officers . . . When the right to privacy must yield to the right of search is, as a rule, to be decided by a judicial officer not a policeman or government enforcement agent."

Information given by a private citizen who was a witness to a criminal activity is sufficient to support an affidavit for a search warrant. (See *People v. Glauoman*, 175 Colo. 41, 485 P 2d 711).

IT IS THEREFORE,

ORDERED AND ADJUDGED that the defendant's Motion to Suppress, be and the same, is hereby denied.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 East Orange Avenue, Daytona Beach, Volusia County, Florida, this 7th day of April, 1987.